IRVINE
*vs*
ROUSSEAU.

husband died seized, and the right of dower is *admitted* or *not contested.* (4 *Bibb* 462, cited and approved.)

*Harlan & Craddock* for appellants.

---

## Irvine *vs* Rousseau.

APPEAL FROM THE JEFFERSON CIRCUIT.

*Fraudulent gift of slaves by parol.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

DETINUE.

*Case* 60.

*November* 2.

Case stated and judgment of the Circuit Court.

ROUSSEAU, as the husband of Sarah Ann, formerly Sarah Ann Owen, instituted this action of detinue against

Irvine, for a negro boy slave, by the name of Charles, to which *non detinet* was pleaded, and a verdict found under the instructions of the Court, for the plaintiff. And from the judgment rendered thereon Irvine has appealed to this Court.

Upon the trial of the issue, it appeared that Charles, *Facts appearing on the trial.* when an infant, was a sickly child, that he belonged to Nelson R. Owen, the father of Sarah Ann ; that he, by parol, gave Charles to his daughter, Sarah Ann, then an infant of eight or ten years of age, if she would nurse and take care of him ; that she did nurse and take care of him and he recovered ; that afterwards, he was called in the family, Sarah Ann's, as proven by members of the family, but others, who were intimate in the family, had never heard him so called ; that he remained in the possession of and under the control of N. R. Owen, as the ostensible owner, during his life, and in the possession of his widow after his death, as his administratrix, until after the execution under which Irvine purchased him had issued, and that she listed him in her inventory, as a part of the estate of her deceased husband. Sarah Ann remained with her father, and mother after his death, until she intermarried with the plaintiff, just before this action was brought. Irvine purchased Charles under execution against the estate of Owen, for a debt originating before the pretended gift of Charles.

As the father was entitled to the services of his infant *A gift by parol by a father to his infant daughter, of a small sickly negro in case she would nurse and raise it, where the possession remains with the donor, is invalid to pass the title as against creditors and purchasers. The gift is directly within the evils contemplated by the 41st sec. of the statute of 1798, (St. Law, 1479 )* daughter, we regard the proposition made by him to her, as purely a gift or intended gift, upon the conditions stated. And as a gift or intended gift, it most clearly cannot prevail, under the circumstances proven, against any creditor or *bona fide* purchaser from the donor, and much less against a creditor whose debt originated before the gift, or a purchaser under his execution, who has a right to occupy his place.

Independent of the provisions of the general statute of frauds and perjuries, under the denunciations of which the gift to the daughter cannot stand or prevail against Irvine. a *bona fide* purchaser for a prior debt, the case comes directly within the evil contemplated and intended to be guarded against by the 41st section of the act of

1798, (2 *Stat. Laws,* 1479.) That section provides, "And whereas, many frauds have been committed by means of *secret gifts,* made or *pretended* to have been made, of slaves by *parents* and others, who have, notwithstanding, *remained in possession* of such slaves, as *visible owners* thereof, whereby *creditors* and *purchasers* have been frequently involved in expensive law suits, and often deprived of their *just debts* and *purchases*; for prevention whereof, Be it enacted, that no gift or gifts of any slave or slaves, shall be good or sufficient to pass any estate in such slave or slaves, to any person or persons whatsoever, unless the same be made by will duly proved and recorded, or by deed in writing, to be proved by two witnesses at least, or acknowledged by the donor and recorded in the County Court of the county, &c. where one of the parties lives, within eight months after the date of such deed or writing."

It is obvious from the preamble to the section, that the Legislature looked to and intended to guard creditors and purchasers from the precise evil to which Irvine has been exposed, in the case before us.

The gift was a secret gift, or pretended gift, known only to the family; it was made by a parent to an infant daughter, who was living with him and was under his control; he remained in possession of the slave as *visible owner thereof*; yet no deed evidencing the gift, was made or recorded. Such a gift or pretended gift, to give any operation to the statute, must be pronounced absolutely fraudulent and void as to Irvine, the purchaser, and as passing no title, as against him at least, to the donee. The proviso embraced in the 42d section, which confines the operation of the prior section to cases only in which the donors have, notwithstanding such gifts, remained in possession, and not to the gift of such slaves as have, at any time, come into the *actual possession* of, and have *remained* with the donee, &c., does not apply to the case before us, or take it out of the operation of the prior section. To give full force and effect to the operation of the statute, and afford that security and protection to creditors and *bona fide* purchasers contemplated by its framers, the *actual possession* of the donee must have been in-

tended, an actual ostensible possession distinct from and independent of the possession of the donor, such as may be seen, known and distinguished by any creditor or purchaser, and not a possession held by, through, under or in conjunction with the donor's possession, nor by construction implied from ownership as donee.

Indeed, so careful was the Legislature to afford full protection to *bona fide* purchasers for a valuable consideration, and creditors of the donor, against such gifts, that they have provided in the 43d section, that their interests are not to be affected by such gifts of slaves, until the donee shall have been at least three years in the possession of the slave or slaves, under such gift.

It will readily be perceived from the foregoing views, that several of the instructions asked by the defendant's counsel, with a slight modification as to some of them, should have been given, and the instructions given at the instance of the plaintiff's counsel, were misleading and erroneous.

The judgment is, therefore, reversed, and cause remanded, that a new trial may be granted without the payment of costs, and the appellant is entitled to his costs in this Court.

*Guthrie and Duncan* for appellant; *Fry, & Page* for appellee.

---

 EJECTMENT.

*Case 61.*

*November 2.*

Case stated.